NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ABDUL DAVIS,

*Plaintiff,*

v.

RALPH FROEHLICH, et al.,

*Defendants.*

Civil Action No. 19-10620

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

Plaintiff Abdul Davis seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 3. For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, a court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis*, a court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review

as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### I.     Factual Allegations

Plaintiff's Complaint states that on April 20, 2016, he was indicted by a Grand Jury in New York County. That same day, a warrant was issued for his arrest by the Supreme Court of New

2

York. Compl. ¶¶ 14-15. On April 21, 2016, nine Union County Sheriff's Officers came to Plaintiff's residence in Linden, New Jersey. *Id.* ¶ 18. One Sheriff, Defendant Berke, rang the doorbell. Plaintiff, who was standing inside by the door, asked "Who is it?"; Berke answered "Sheriff's Office." *Id.* ¶ 20. Plaintiff opened the door and was immediately handcuffed. *Id.* Berke stepped into the staircase past Plaintiff and "physically met" Plaintiff's girlfriend, Shelita Funderberk, who was standing at the bottom of a staircase that led up to the apartment. Berke asked Funderberk if anyone else was upstairs in the apartment and she stated that two friends were upstairs. *Id.* ¶ 21. Berke went upstairs while an unnamed Defendant handcuffed Funderberk. Plaintiff's two friends, who were in the apartment, were also taken into custody. *Id.* ¶ 22.

After everyone was physically removed from the apartment and standing on the porch, Berke approached Funderberk and requested her permission to search the apartment. Funderberk signed a consent to search form after Berke "verbally explained the form in its entirety." *Id.* ¶ 23; *see* Compl. Ex C, Consent to Search Form. After obtaining written consent, Defendants searched Plaintiff's apartment and found, among other things, a firearm and ammunition. *Id.* ¶ 24. Plaintiff, however, alleges that Funderberk was not named on the lease and that she had no personal belongings at the apartment. *Id.* ¶ 28.

## II. Legal Analysis

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

3

Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

Plaintiff asserts claims against multiple New York City police officers and members of the Union County Sheriff's Department. Accordingly, Defendants are all state actors for purpose of Section 1983. Moreover, all of Plaintiff's claims stem from allegations that Defendants did not have a warrant for Plaintiff's arrest and conducted a warrantless search of his apartment, both of which could constitute violations of the Fourth Amendment.

### 1. Warrantless Arrest

The proper inquiry in a Section 1983 claim based on false arrest is whether the arresting officer had probable cause to make the arrest. *Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988)). "[P]robable cause to arrest generally exists when a police officer makes an arrest pursuant to a warrant which meets the requirements of the Fourth Amendment." *Young v. City of Hackensack*, No. 04-2011, 2005 WL 1924327, at *3 (D.N.J. Aug. 11, 2005). "The Warrant Clause of the Fourth Amendment requires particularity in describing the person or things to be seized." *Williams v. City of Northfield*, No. 09-6192, 2011 WL 6140733, at *10 (D.N.J. Dec. 9, 2011). In addition, an out-of-state warrant can be used to make a lawful arrest. *Young*, 2005 WL 1924327, at *3 ("[C]ourts have found that an out-of-state warrant provides officers with probable cause for making an arrest.").

Plaintiff's Complaint does not explain why the New York arrest warrant was insufficient. In fact, Plaintiff attaches a copy of the arrest warrant as an exhibit to his Complaint and it appears valid on its face. Compl., Ex. B. The warrant is signed by a judicial officer, states that Plaintiff has been charged with a felony offense, and provides a physical description of Plaintiff. *Id.* Accordingly, Plaintiff fails to plead facts suggesting that Defendants lacked probable cause to arrest Plaintiff. As a result, Plaintiff fails to state a claim, to the extent his claims are premised on the purported warrantless arrest.

### 2. Illegal Search

The elements of a Section 1983 claim for unreasonable search and seizure are (1) actions of the police officers that constituted a search or seizure within the meaning of the Fourth Amendment; and (2) that the actions were unreasonable in light of the surrounding circumstances. *Brower v. County of Inyo*, 489 U.S. 593, 597-99 (1989). "Warrantless searches and seizures inside someone's home . . . are presumptively unreasonable unless the occupants consent or probable cause and exigent circumstances exist to justify the intrusion." *U.S. v. Coles*, 437 F.3d 361, 365-66 (3d Cir. 2006) (citing *Steagald v. United States*, 451 U.S. 204, 211 (1981); *Payton v. New York*, 445 U.S. 573, 586 (1980)). A mistake in conducting a search, however, does not automatically make a search unreasonable. "The Constitution is no more violated when officers enter without a warrant because they reasonably (though erroneously) believe that the person who has consented to their entry is a resident of the premises, than it is violated when they enter without a warrant because they reasonably (though erroneously) believe they are in a pursuit of a violent felon who is about to escape." *See Illinois v. Rodriguez*, 497 U.S. 177, 185 (1990).

Here, as pled, Defendants' warrantless search appears to be based on a reasonable mistake. Plaintiff alleges that Funderberk consented to the search. Plaintiff appears to plead, however, that

5

Funderberk did not have authority to consent because she did not live in the apartment. The Complaint, however, fails to allege that Defendants were made aware of this fact when consent was obtained or while the search was being conducted. Moreover, the fact that Defendants asked Funderberk to sign the consent form appears reasonable. Defendants first saw Funderberk on the steps leading up to the apartment, and when asked if anyone else was "upstairs in your apartment?", Funderberk responded that "our friends" were upstairs. As pled, Funderberk's conduct reasonably suggested that she lived in the apartment. Moreover, Plaintiff did not appear to object when Berke was explaining the consent form to Funderberk, and the signed consent form states that Funderberk resided at the apartment. Compl., Ex. B. Therefore, Plaintiff fails to plead facts demonstrating that Defendants should not rely on Funderberk's consent. Even though Defendants did not have a search warrant, the search was conducted as a result of the reasonable, but mistaken, belief that Funderberk consented to a search of her apartment. As a result, Plaintiff fails to state a claim, to the extent his claims are premised on the purported illegal search.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein.

If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, he must set forth the basis for his claim and provide plausible factual allegations to support the claim.

If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any present Defendant, concerning the allegations in the Complaint.

Accordingly, and for good cause shown,

IT IS on this 16th day of September, 2019,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Abdul Davis's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** in its entirety; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail and by certified mail.

John Michael Vazquez, U.S.D.J.