NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDUL DAVIS,<br><br>*Plaintiff*,<br><br>v.<br><br>RALPH FROEHLICH, et al.,<br><br>*Defendants*. | Civil Action No. 19-10620<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

On April 22, 2019, Plaintiff Abdul Davis instituted this action, D.E. 1, and on May 20, 2019, he sought to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, D.E. 3. On September 16, 2019, the Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed Plaintiff's Complaint without prejudice for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Sept. 16 Order, D.E. 5. The Court provided Plaintiff with leave to file an amended complaint that cured the outlined deficiencies. *Id.* Plaintiff filed an Amended Complaint on November 25, 2019. D.E. 9.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim, the Court must apply the same standard of review as

that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

The factual allegations in the FAC are largely identical to those in Plaintiff's original Complaint. The FAC states that on April 20, 2016, he was indicted by a Grand Jury in New York County. That same day, a warrant was issued for his arrest by the Supreme Court of New York.

2

FAC ¶¶ 14-15. On April 21, 2016, nine Union County Sheriff's Officers came to Plaintiff's residence in Linden, New Jersey. *Id.* ¶ 18. One Sheriff, Defendant Berke (the Court presumes that the Amended Complaint means to refer to named Defendant Captain Dennis Burke) and rang the doorbell. Plaintiff, who was standing inside by the door, asked "Who is it?"; Burke answered "Sheriff's Office." *Id.* ¶ 20. Plaintiff opened the door and was immediately handcuffed. *Id.* Burke stepped into the staircase past Plaintiff and "physically met" Plaintiff's girlfriend, Shelita Funderberk, who was standing at the bottom of a staircase that led up to the apartment. Burke asked Funderberk if anyone else was in the apartment, and she stated that two friends were upstairs. *Id.* ¶ 21. Burke went upstairs while an unnamed Defendant handcuffed Funderberk. Plaintiff's two friends, who were in the apartment, were also taken into custody. *Id.* ¶ 22.

After everyone was physically removed from the apartment and standing on the porch, Burke approached Funderberk and requested her permission to search the apartment. Funderberk signed a consent to search form after Burke "verbally explained the form in its entirety." *Id.* ¶ 23; *see* Compl. Ex C, Consent to Search Form. After obtaining written consent, Defendants searched Plaintiff's apartment and found, among other things, a firearm and ammunition. *Id.* ¶ 24. Plaintiff, however, alleges that Funderberk was not named on the lease and that she had no personal belongings at the apartment. *Id.* ¶ 28. Additionally, and for the first time in the FAC, Plaintiff alleges that although Burke advised Funderberk "that she could refuse consent at any time," Burke warned her that if she refused to consent to the search, she would be arrested. *Id.* ¶ 23.

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

3

> privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

Plaintiff asserts claims against multiple New York City police officers and members of the Union County Sheriff's Department. Accordingly, Defendants are all state actors for purpose of Section 1983. Moreover, all of Plaintiff's claims stem from allegations that Defendants did not have a warrant for Plaintiff's arrest and conducted a warrantless search of his apartment, both of which could constitute violations of the Fourth Amendment.

In the September 16 Order, this Court determined that Plaintiff failed to state a claim regarding the search of his home following his arrest because "the search was conducted as a result of the reasonable, but mistaken, belief that Funderberk consented to a search of her apartment." Sept. 16 Order at 5-6. Plaintiff now alleges in his FAC that Defendant Beuke threatened Funderberk with arrest if she did not consent to the search of Plaintiff's home. FAC ¶ 23. Viewing the FAC liberally, the Court concludes that Plaintiff now states a claim under the Fourth Amendment for an illegal search as to Burke in his individual capacity.

As explained in the September 16 Order, "[w]arrantless searches and seizures inside someone's home . . . are presumptively unreasonable unless the occupants consent or probable cause and exigent circumstances exist to justify the intrusion." *United States v. Cole*, 437 F.3d

4

361, 365–66 (3d Cir. 2006). In other words, "[c]onsent is an exception to the requirements of both a warrant and probable cause." *United States v. Murray*, 821 F.3d 386, 391 (3d Cir. 2016) (quoting *United States v. Stabile*, 633 F.3d 219, 230 (3d Cir. 2011)). Here, the FAC alleges that the police, at the direction of Burke, searched Plaintiff's home upon receiving Funderberk's consent to do so. Whether a person's consent to search a home or any other constitutionally protected place or effect is valid and of constitutional force depends upon whether consent was freely given. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). "Where there is coercion, there cannot be consent[,]" *Bumper v. North Carolina*, 391 U.S. 543, 550 (1968), and such supposed consent would be "ineffective if extracted by the state under threat of force or under claim of government authority." *Good v. Dauphin Cty. Soc. Servs. for Children & Youth*, 891 F.2d 1087, 1093 (3d Cir. 1989).

To determine whether a person's consent to search was freely given, the Supreme Court has instructed the lower courts to analyze the totality of the circumstances surrounding the interaction in question, and to ensure that the proffered consent was, in fact, the product of the person's free will and not of official coercion or police conduct that overbore the person's will. *See Bustamonte*, 412 U.S. at 227. This is an objective inquiry, requiring a review of whether the official act under scrutiny would have the required impact on a reasonable person. *Id.*

Drawing all reasonable inferences in Plaintiff's favor, the Court concludes that Plaintiff adequately alleges that Funderberk did not freely consent to the search at issue here. The FAC plausibly alleges that Burke overbore Funderberk's will with the threat of arrest, thereby depriving her, as Plaintiff alleges, of "any actual legal or otherwise [sic] authority to consent to police [sic] warrantless search of Plaintiff's usual place of abode[.]" FAC ¶ 38. *See Speese v. Beyer*, No. 11-0519, 2012 WL 4018003, at *6 (M.D. Pa. Aug. 8, 2012) ("[T]he Third Circuit has recognized that

verbal threats are actionable under § 1983 when accompanied by a chilling effect on the exercise of a constitutional right. . . . [Plaintiff] contends that the threat to tear his home apart influenced his execution of the consent to search form. He has, therefore, presented evidence of a chilling effect on a constitutional right to be free from an unreasonable and warrantless search or from the adverse consequences of refusing to submit to such a search." (citing *Sterling v. Borough of Minersville*, 232 F.3d 190, 196 (3d Cir. 2000)).

But Count Four does not satisfy the pleading standard of Federal Rule of Civil Procedure 8(a)(2) as applied to any Defendant save Burke, the officer whom Plaintiff alleges explicitly threatened Funderberk. "A defendant in a civil rights action must have personal involvement in the alleged wrongs, [and] liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (internal citations omitted). Count Four appears to assert claims against Defendants Froehlich, Burke, Caparruva, Guerrant, Cruz, Miller, Randazza, Hanrahan, Shaughnessy and Rodriguez. FAC ¶ 38. Plaintiff, however, fails to provide any factual allegations by which the Court can infer that these Defendants helped Burke improperly obtain consent or acquiesced in his allegedly wrongful conduct. Accordingly, these Defendants are dismissed from this matter.

Finally, Plaintiff also asserts claims against the Union County Sheriff's Department, the New York City Police Department, and the 33rd Precinct Firearms Unit. To the extent that Plaintiff is attempting to assert a *Monell* claim against these entities, they are dismissed.[1]

---

[1] These Defendants are technically not proper parties for a Section 1983 claim. *See, e.g., Godley v. Newark Police Dep't*, No. 05-806, 2007 WL 269815, at *3 (D.N.J. Jan. 26, 2007) (dismissing Section 1983 and tort claims against the Newark Police Department because it is "merely an administrative arm of the local municipality" and not an entity that was subject to suit) (quoting *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004)). Because the Court

6

A local governmental entity is considered a "person" within the meaning of Section 1983. *See Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1352 (3d Cir. 1994). A local governmental entity, however, cannot be held liable under a theory of *respondeat superior*. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). Instead, to hold such a defendant liable, a plaintiff must demonstrate that the violation of rights was caused by a municipal policy or custom. *Id.* To state a claim based on a municipal policy or custom, a plaintiff must identify a policy or custom that "violates the Constitution or . . . while not unconstitutional itself, is the moving force behind the constitutional tort of one of its employees." *Id.* (quoting *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1027 (3d Cir. 1991)). In other words, a plaintiff must show that the local governmental entity affirmatively proclaimed a policy or acquiesced in a widespread custom that caused the constitutional violation. *Watson v. Abington Township*, 478 F.3d 144, 155-56 (3d Cir. 2007). The FAC fails to assert any facts demonstrating the existence of any policy of custom. Accordingly, these Defendants are also dismissed from this matter.

Thus, Plaintiff sufficiently pleads a claim in Count Four of the FAC regarding Burke, which pertains to the search of Plaintiff's apartment. However, because Plaintiff failed to assert any additional plausible allegations as to the remaining counts, the Court concludes that the rest of the Plaintiff's claims are still deficient. Therefore, every count except Count Four as to Burke of the FAC is dismissed.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The

---

must construe Plaintiff's complaint liberally, the Court will consider Plaintiff to be bringing claims against New York City and Union County rather than their police departments.

7

district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's dismissed Section 1983 claims are futile. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, he must set forth the basis for his claim and provide plausible factual allegations to support his claim. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any dismissed Defendant, concerning the allegations in the pleading.

Accordingly, and for good cause shown,

IT IS on this 30th day of January, 2020,

**ORDERED** that Plaintiff's Amended Complaint fails to state a Section 1983 claim against any Defendant except Defendant Burke in Count Four; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as to these Defendants as set forth above. Failure to file an amended complaint within this time will result in the dismissal of these claims and Defendants with prejudice; and it is further

**ORDERED** that Count Four of the First Amended Compliant may **PROCEED solely as to Defendant Burke**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the First Amended Complaint (D.E. 9) without prepayment of the filing fee; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[2]; and it is further

**ORDERED** that when serving Defendant with the aforementioned, a copy of this Opinion and Order and this Court's prior Opinion and Order (D.E. 5), which dismissed certain counts and Defendants must also be served; and it is further

**ORDERED** that Defendant shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a)

---

[2] Alternatively, the U.S. Marshal may notify Defendants that an action has been commenced and request that Defendants waive personal service of a summons in accordance with FED. R. CIV. P. 4(d).

and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[3]; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

                                                         _____
                                                       John Michael Vazquez, U.S.D.J.

---

[3] After an attorney files a notice of appearance on behalf of Defendant, the attorney will automatically be electronically served all documents that are filed in the case.