**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------X

ABDUL DAVIS,

Plaintiff,

-against-

Civil Action No. 19-10620

Captain DENNIS BURKE, Lt. CARLO CAPARRUVA, Lt. GUERRANT, Detectives MANUEL CRUZ and JAMES MILLER, Officers KENNETH RANDAZZA and RYAN HANRAHAN, all of the Union County Sheriff's Department and Detectives CHRISTOPHER SHAUGHNESSY and IVELISSE RODRIGUEZ, of New York City Police Department, 33rd Precinct, Firearms Unit, Jointly, Severally and Individually, Respectively,

Defendants.

-----------------------------------------X

**COMPLAINT**
[42 USC §1983]

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2020 MAR 12 P 3: 20

I-**Complaint**

The Plaintiff, **ABDUL DAVIS**, Pro Se, by way of this Complaint, complaining of the Defendants, respectfully shows and alleges the following, post, viz:

II-**Parties, Jurisdiction and Venue**

1). That the Plaintiff, **ABDUL DAVIS**, at all times hereinafter mentioned in this Complaint, he was, and still is a resident of the City of Linden, County of Union and State of New Jersey.

2). That at all times hereinafter mentioned in this Complaint, the Plaintiff, **ABDUL DAVIS**, resided at 417 South Wood Avenue, Unit#2, Linden, New Jersey, and was, and still is, a Citizen of the United States.

3). That the Defendants, Captain **DENNIS BURKE, Lt. CARlO CAPARRAVA, Lt. GUERRANT, Detectives MANUEL CRUZ and JAMES MILL-**

**ER,** Officers **KENNETH RANDAZZA** and **RYAN HANRAHAN,** at all times hereinafter mentioned in this Complaint, they were active members of the Union County Sheriff's Department on the 22nd day of April 2016, as Law Enforcement Agent(s), Officer(s), Servant(s) and Employee(s).

4). That the Defendants, **CHRISTOPHER SHAUGHNEST** and **IVELISSE RODRIGUEZ,** at all times hereinafter mentioned in this Complaint, they both were active members of the New York City Police Department ["NYPD"], on the 22nd day of April 2016, and both were assigned to the 33rd Precinct, Firearms Unit as an Agent(s), Officer(s), Servant(s) and Employee(s).

5). That this Civil Rights Action arosed under and brought pursuant to 42 USC §1983, as amended, to remedy the gross deprivation under the color of State Laws, Rules and Regulations, of rights guaranteed by the FOURTH, FIFTH and FOURTEENTH AMENDMENTS of the United States Constitution, forthwith. This Court has original jurisdiction over this Civil Rights Action pursuant to 28 USC §§1331, as amended, and 1343(3), as amended. Plaintiff seek Declaratory and Injunctive Relief pursuant to 28 USC §§2201, as amended, and 2202, as amended, as well as Rule 65 et seq., as amended, of the Federal Rules of Civil Procedure.

6). That this cause of action arose in the Northern District of New Jersey. Therefore, Venue is proper under 28 USC §1391(b), as amended.

**III-Previous Lawsuits By Plaintiff**

7). That the Plaintiff, **ABDUL DAVIS,** have not filed any lawsuits dealing with the same and exact facts or otherwise re-

lating to the events as fully narrated herein in any state or court(s).

**IV-Exhaustion Of Administrative Remedies**

8). That the "Prison Litigation Reform Act" under §19-97e(a)(200), as amended, is not applicable to this Civil Rights Action

**V-Statement Of Claim**

9). That at all times hereinafter mentioned in this Complaint, the Defendants, each of them, aforesaid, were "persons" for the purposes of 42 USC §1983, as amended, and acted under the color of the Laws(s), Rule(s) and Regulation(s) to deprive and denial of Plaintiff of his Constitutional rights, as fully narrated more fully below.

**VI-Statement Of Facts And Procedural History**

10). That heretofore and commencing on or about the 20th day of April 2016, or thereabouts, New York County Grand Jury voted a TRUE BILL, of which, contained 119 counts, inter alia, violations of New York Penal Law §105.10, as amended, under New York County Subject Indictment No.#1367-2016, for Criminal Sale of a Weapon in the First Degree [See Exhibit - "A" annexed hereto].

11). That based upon the events as fully narrated under Paragraph No.10, on or about the 20th day of April 2016, the Clerk, and not any Judge of the Supreme Court, County of New York, Part-93, Criminal Term signed and issued a warrant for the arrest of the Plaintiff [See Exhibit - annexed hereto]. As fully noted by the alleged warrant, Plaintiff's place of abode was designated as 187 West Milton Avenue, Apt#-J, Rah-

way, New Jersey.

12). That on or about the 21st day of April 2016, the Plaintiff, was legally and lawfully residing at: 417 South Wood Avenue, Unit#2, Linden, New Jersey. The Plaintiff, had two (2) over-night house guests, namely, Malik Rainey, and his wife, one, Yasmian Boyd Rainey.

13). That based upon the events as fully narrated under Paragraphs No.#10 through No.#12, the Defendants Burke, Caparrauva, Guerrant, Cruz, Miller, Randazza, Hanrahan, Shaughnessy and Rodriguez, physically came upon the Plaintiff's primises, of which, was located at 417 South Wood Avenue, Unit#2, Linden, New Jersey.

14). That the Defendants, each of them, above-named, initially searched the outside of the residence and, determined by the Defendants Rodriguez and Shaughnessy, that Plaintiff and his lady-friend, one, Shelita Funderberk vehicles were in the rear of the residence.

15). That the Defendant Berk, he ranged the door-bell. After no immediate answer, he did so a second time. Shortly Plaintiff came down the stairs from the second floor, approached the door and asked, "Who is it?" The Defendant Berke replied, "Sheriff's Office." Plaintiff opened the door and was immediately handcuffed.

16). That the Defendant Berke physically moved passed the Plaintiff and was physically met by Funderberk, who was on the steps that led up to the second floor apartment. Burke asked Funderberk, "Is anyone else up-stairs in your apartment?"

And she relied, "Our friends Malik and his wife."

17). That the Defendant Berke physically moved past funderberk who was handcuffed by one of the Defendants that was behind the Defendant Berke and, he walked into the upstairs apartment. Malney was physically taken into custody in the A/D side of the second floor bedroom. In the bedroom with Malik was his wife, one, Rasmian Boyd Rainey.

18). That after everyone had been physically removed from the house, and was on the front porch, the Defendant Berke walked passed the Plaintiff, and physically approached Funderberk and, requested her permission to search the appartment. The Defendant Berke provided a U. C. S. O. Permission to search form to Funderberk. The Defendant Berke verbally explained the form in its entirety to Funderberk and advised that she could refuse consent at any time, but if she refused she would be arrested.

19). That immediately after the Defendant Berke made the statement to Funderberk, that if she refused she would be arrested, the Defendants Caparruva, Guerrant, Cruz, Miller, Randazza, Hanrahan, Shaughnessy and Rodriguez, physically came and stood around Funderberk aggressively, as if they were going to arrest Funderberk. Some of the Defendants took out there hand-cuffs and nightsticks.

20). That when the Defendant Funderberk was explaining the procedures in regards to the consent form, Rainey yelled over to the Defendant Berke, "Yo man, how the hell you are going to disrespect my man Abdul like that? She don't live here, and she don't have anthing here. We can to see and live with Abdul."

21). That while Plaintiff was still on the porch, and in handcuffs, he made it crystal clear to the Defendant Berke and to Funderberk that he did not concent, as well as not to have Funderberk sign the consent form, but out of fear, she signed the consent form any way [See Exhibit - "C" annexed hereto].

22). That the search of Plaintiff's second floor apartment, various weapons and money was found and confiscated [See Exhibit - "D" annexed heret], as well as Plaintiff's cell phone and driver's license.

23). That immediately thereafter, Plaintiff was transported to the Union County Jail. At the Union County Jail, Plaintiff was changed with bring a fugitive from Justice on Warrant#W20004 W2016358 in violation of NJSA:2A160-21. Plaintiff was additionally charged with certain persons not to possess weapon on Warrant#2009 W2016494. To date, not one (1) warrant or summons has been provided, shown or issued to Plaintiff.

24). That the items seized from Plaintiff and his apartment, were transported and turned over to the Union County Jail. The Defendant Caprrauva, took and deposited in the Wells Fargo Bank, located at 68 Broad Street, Elizabeth, New Jersey, $682.00 and $2,000.00 dollars in United States Currency.

25). That the Defendant Caparruva was asked by one, Shelita Funderberk, to give all keys of Plaintiff's apartment to one, Yasmian Rainey, of which, Funderberk had absolutely no legal or otherwise standing. Nor, did she have any personal belongs at 417 South Wood Avenue, Unit#2, Linden, New Jersey, except the clothing on her back, as well as her cell phone.

26). That pursuant to Union County Subject Indictment No. 16-0700494-1, Plaintiff was indicted under NJSA-2C-39-7b, for certain Persons not to have weapons (2nd Degree)[See Exhibit - "E" annexed hereto].

27). That by Order dated the 18th day of October 2016 [See Exhibit - "F" annexed hereto], Judge Fredrick R. McDaniel, J. S. C., of Superior Court, County of Union, Criminal Division, signed the same for the purposes of Plaintiff's extradiction to New York City, County and State, pursuant to New York County Subject Indictment No.1367-16. Thus, any and all criminal charges or criminal proceedings under Union County Subject Indictment No.#16-07-00494-1, are yet pending absence of any dispositions of any kind.

**VII-Legal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**

28). That the Plaintiff repeats and realleges each and every allegation as contained in Paragra½hs No.#1 through No.#27 as if fully set forth herein verbatim.

29). That when the Defendant Burke knew or should have known, that when he told Funderberk that she could refuse consent at any time, but if she refused she too would be arrested, violated the Plaintiff's Civil Rights, of which, has been, and still is outlawed by the FOURTH, FIFTH and FOURTEENTH AMENDMENTS to the United States Constitution, forthwith.

**AS AND FOR A SECOND CAUSE OF ACTION**

30). That the Plaintiff repeats and realleges each and every allegation as contained in Paragraphs No.#1 through No.#29 as if fully set forth herein verbatim.

31). That when the Defendant Burke told Funderberk, that she could refuse to consent at any time, but if she refused she too would be arrested, and when the Defendants Caparrava, Guerrant, Cruz, Miller, Randazza, Hanrahan, Rodriguez and Shaughnest, physically and aggressively surounded Funderberk, some took out their handcuffs, and others their night sticks, of which, suggested that Funderberk would be arrested had she not signed the consent form to search Plaintiff's apartment, constituted a gross deprivation of Plaintiff's Civil Rights, of which, has been, and still is outlawed by the FOURTH, FIFTH and FOURTEENTH AMENDMENTS to the United States Constitution, forthwith.

**AS AND FOR A THIRD CAUSE OF ACTION**

32). That the Plaintiff repeats and realleges each and every allegation as contained in Paragraphs No.#1 through No.#31 as if fully set forth herein verbatim.

33). That when the Defendant Burke was telling Funderberk, that she could refused to consent at any time, but if she refused, she too would be arrested,but when Rainey yelled over to the Defendant Burke and stated, "Yo man, how the hell you are going to disrespect my man Abdul like that? She don't live here, and she don't have nothing here. We came to see and visit Abdul anyway. The Defendant Burk knew or should have known that Funderberk's authority to consent came to be an issue, and that Funderberk's consent was without any legal basis, of which, constituted a gross deprivation of the Plaintiff's Civil Rights, of which, has been, and still is, outlawed by the FOURTH, FIFTH and FOURTEENTH AMENDMENTS to the United States Constitution, forthwith.

34). That the Plaintiff repeats and realleges each and every allegation as contained in Paragraphs No.#1 through No.#33 as if fully set forth herein verbatim.

35). That when the Defendant Burke was telling Funderberk, that she could refused to consent at any time, but if she refused she too would be arrested, but when Rainey yelled over to the Defendant Burke and stated, "Yo man, how the hell are you going to disrespect my man abdul like that? She don't live here, and she don't have nothing here anyway. We came to see and visited Abdul anyway." At that point in time, the Defendants Caparrava, Guerrant, Cruz, MIller, Randazza, Hanrahan, Shaughnest and Rodriguez had a Constitutional duty and/or obligation to intervene, especially, since Funderberk's consent was called in questioned as to Funderberk's legality and validity to consent to search the Plaintiff's apartment, constituted a gross deprivation of the Plaintiff's Civil Rights, of which, has been, and still is, outlawed by the FOURTH, FIFTH and FOURTEENTH AMENDMENTS to the United States Constitution, forthwith.

36). That each Defendant is sued jointly, severally and individually and in his or her individual capacity. At all times hereinafter mentioned in this Complaint each Defendant acted under color of New Jersey State Laws, Rules and Regulations.

37). That the Plaintiff have no plain, adequate or complete remedy at law to redress the gross wrongs described herein. The Plaintiff has been and will be continue to be irreparably injuried by the conduct of the Defendants, jointly, severally and individually unless or until this Court grants the Declaratory

and Injunctive relief which Plaintiff seek.

**WHEREFORE,** Plaintiff respectfully pray that this Court enter Judgment granting the Plaintiff:

(A). **A Declaratory Judgment** that the Defendants, jointly, severally and individually, acts, policies, practices, procedures and tactics described herein violated Plaintiff's rights under the the United States Constitution, forthwith;and

(B). **A Preliminary and Permanent Injunction** which:

(1). **REQUIRES** that this Civil Rights Complaint be assigned to a Federal Magistrate, pursuant to 28 USC §636(b)(1)(A) et seq., that is, for the purposes of discovery, pre-trial and non-jury trial.

(2). **REQUIRES** that the Defendants, jointly, severally and individually, release, refund or pay to the Plaintiff the $682.00 and $2,000.00 dollars, together, with interests from the date of seizure, to wit, the 22nd day of April 2016, to date of Judgment.

(3). **REQUIRES** that Plaintiff be allowed and permitted to amend this Complaint or Civil Rights Action, pursuant to Rule 15 (a)(2), as amended, of the Federal Rules of Civil Procedure, if need be after discovery.

(4). **COMPENSATORY DAMAGES** in the amount $15,000,000.00 (Fifteen Million) Dollars, from the Defendants, jointly, severally and individually, from each Defendant, to the Plaintiff.

(5). **PUNITIVE DAMAGES** in the amount Twenty-Five ($25,000,000.00) Million Dollars, from theDefendants, each of them, jointly, severally and individually, to the Plaintiff.

(6). **REQUIRES** a non-jury trial on any and all issues to be tried.

**REQUIRES** Plaintiff's cost(s), fee(s) and expenditure(s) and disbursement(s) as a direct results of the Civil Rights Action and for such other and further relief as shall be deemed just, proper and equitable under the Rules and Statutes made and provided in such case

Dated:Romulus, New York
26th February 2020

Respectfully Submitted,

s/Abdul Davis-Plaintiff
6600 State Route 96
Caller Box 119-18A1651
Romulus, New York 14541

STATE OF NEW YORK)
COUNTY OF SENECA )SS.: V E R I F I C A T I O N
TOWN OF ROMULUS )

**ABDUL DAVIS**, first being duly sworn, according to law, upon his oath, deposes and says:that he is the above-named Plaintiff; that he have read the foregoing COMPLAINT and knows its contents; and that the same is true of his personal knowledge, except as to those maters stated therein to be alleged upon information and belief, and, as to those matters he believe them to be true.

Sworn And Subscribed Before Me,

This 6 Day Of March 2020.

Notary Public Of New York

My Commission Expires Nov. 12, 2021

NICHOLAS R SUED
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SU6292956
Qualified in Wayne County
Commission Expires November 12, 2021

s/Abdul Davis - Affiant
6600 State Route 96
Caller Box 119-18A1651
Romulus, New York 14541