# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**ABDUL DAVIS,**

      **Plaintiff,**

      v.

**Captain DENNIS BURKE, et al.,**

      **Defendants.**

:
:
:
:
:
:
:
:
:
:
:
:

**Civil Action No. 19-10620 (JMV)**

**OPINION AND ORDER**

      **THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Abdul Davis for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). *See* Dkt. No. 32. Defendants filed a brief in opposition to this motion. *See* Dkt. No. 36. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel [Dkt. No. 32] is **DENIED**.

      Plaintiff asserts Fourth, Fifth, and Fourteenth Amendment claims against Defendants pursuant to 42 U.S.C. § 1983, alleging Defendants committed the following unlawful acts relating to the April 21, 2016 arrest of Plaintiff: (1) Defendants arrested Plaintiff and conducted a search of his apartment without a warrant; (2) the warrantless search and seizure inside Plaintiff's apartment was unreasonable because Defendants did not obtain freely given consent from Plaintiff's girlfriend; and (3) the lack of freely given consent was the result of police conduct that overbore the will of Plaintiff's girlfriend, thereby depriving her of the authority to consent to the search of Plaintiff's apartment. *See* Dkt. No. 12.

      On April 22, 2019, Plaintiff filed his initial Complaint. *See* Dkt. No. 1. Thereafter, Plaintiff filed an application to proceed *in forma pauperis* in this action. *See* Dkt. No. 3. Plaintiff's application to proceed *in forma pauperis* was granted on September 17, 2019. *See* Dkt. No. 5. On the same day, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

and dismissed it without prejudice for failing to state a claim on which relief may be granted, while providing Plaintiff with leave to file an amended complaint within thirty days. *See* Dkt. No. 5. On October 28, 2019, Plaintiff filed an application for an extension of time to file an amended pleading pursuant to Fed. R. Civ. P. 6(b), *see* Dkt. No. 7, which was granted on November 6, 2019. *See* Dkt. No. 8. On November 25, 2019, Plaintiff filed an Amended Complaint. *See* Dkt. No. 9. On January 30, 2020, the Court entered an opinion and order partially dismissing Plaintiff's Amended Complaint without prejudice because Plaintiff failed to state a 42 U.S.C. § 1983 claim against any Defendant except Defendant Captain Dennis Burke. *See* Dkt. No. 10. The January 30, 2020 order also afforded Plaintiff thirty days to file an amended complaint to cure any deficiencies with respect to the other Defendants and allowed Count Four of the First Amended Complaint to proceed solely as to Defendant Burke. *See id.* Thereafter, Plaintiff filed a document captioned in the docket as "Third Amended Complaint" on March 12, 2020. *See* Dkt. No. 12.[1]

Plaintiff now seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint *pro bono* counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

    (1) the plaintiff's ability to present his or her own case;
    (2) the complexity of the legal issues;
    (3) the degree to which factual investigation will be necessary and the ability of the
        plaintiff to pursue such investigations;
    (4) the amount a case is likely to turn on credibility determinations;

---

[1] The inexplicable labeling of what should have been the Second Amended Complaint as the "Third Amended Complaint" appears to have been a clerical error. *See* Dkt. No. 12; *cf.* Dkt. Nos. 1 and 9.

2

      (5) whether the case will require the testimony of expert witnesses; and

      (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Further, appointment of counsel may be made at any point in the litigation, including *sua sponte* by the court. *Montgomery*, 294 F.3d at 498 (citing *Tabron*, 6 F.3d at 156). Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 458).

      As to the initial question of whether Plaintiff's claims have merit, the Court notes that Plaintiff's First Amended Complaint [Dkt. No. 9] was screened by the Court under 28 U.S.C. § 1915(e)(2)(B) and allowed to proceed solely as to Defendant Burke. Thus, for the purposes of the present motion, the Court will assume that Plaintiff's claims have at least some merit. The Court does note, however, that regardless of whether Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham*'s test particularly difficult to evaluate." *Chatterjee v. Phila. Fed'n of Teachers,* No. 99-cv-4122, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000) (stating that unlike *Parham*, which concerned a directed verdict ruling, and *Tabron*, which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture).

      The Court now turns to the factors set forth in *Tabron*. When considering a plaintiff's ability to present a case, courts generally consider "education, literacy, prior work experience, and

prior litigation experience." *Tabron*, 6 F.3d at 156. In addition, "courts must consider whether the plaintiff has access to necessary resources like a typewriter, photocopier, telephone, and computer." *Parham*, 126 F.3d at 459 (citing *Tabron*, 6 F.3d at 156). Plaintiff appears to be able to present his case. Plaintiff's filings with the Court thus far reflect literacy, access to necessary resources, and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint and an application to proceed *in forma pauperis*, he has filed the First Amended Complaint and the Third Amended Complaint pursuant to the opinions and orders of the Honorable John Michael Vasquez, U.S.D.J., and he has filed the present Motion for the appointment of *pro bono* counsel [Dkt. No. 32]. These filings themselves demonstrate that Plaintiff is capable of presenting his case. As such, the first *Tabron* factor weighs against the appointment of counsel.

As to the second factor, "[w]here the legal issues are complex, it will probably serve everyone involved if counsel is appointed." *Parham*, 126 F.3d at 459 (citing *Tabron*, 6 F.3d at 156). The Court has held that 42 U.S.C. § 1983 cases may raise complex legal issues. *See Montgomery*, 29 F.3d at 501 (citing *Parham*, 126 F.3d at 459). In *Montgomery*, the appointment of *pro bono* counsel in a 42 U.S.C. § 1983 case was appropriate when discovery and presentation difficulties hindered Plaintiff's ability to present his case, despite the simplicity of the legal issues. *Montgomery*, 29 F.3d at 505. Therefore, although a layperson, like Plaintiff, should be able to comprehend what must be proven under § 1983, comprehension alone does not mean that a plaintiff will ultimately be able to *present* the claim. *Parham*, 126 F.3d at 459. As such, "the difficulty of the legal issues must be considered 'in conjunction with Plaintiff's capacity to present his own case at trial.'" *Montgomery*, 29 F.3d at 503 (quoting *Tabron*, 6 F.3d at 157). Nevertheless, Plaintiff asserts only that he is "a layman in matters of the law." Dkt. No. 32 at p. 3. Plaintiff has

not provided any explanation or support speaking to the complexity of the legal issues. Additionally, Plaintiff's constitutional claims are relatively straightforward, and he appears to comprehend the legal issues. Accordingly, the Court finds that the second factor weighs against Plaintiff.

Plaintiff's motion for *pro bono* counsel does not address the third, fourth, and fifth *Tabron* factors. As to the third factor, the appointment of *pro bono* counsel may be appropriate when a plaintiff's claim requires "extensive discovery and knowledge of complex discovery rules, and when a plaintiff's confinement may prevent him from pursuing his claims." *Archie v. Mercer Cnty Courthouse*, No. 19-cv-20976, 2021 WL 5422289, at *3 (D.N.J. Oct. 26, 2021) (citing *Tabron*, 6 F.3d at 156). Nevertheless, nothing in Plaintiff's motion alleges that Plaintiff lacks the ability to conduct a factual investigation without the assistance of counsel or that discovery would be complicated. Consequently, the third factor appears to weigh against Plaintiff. Regarding the fourth factor, *pro bono* counsel may be warranted when witness credibility is a key issue and when the factfinder must decide between conflicting testimony. *Tabron*, 6 F.3d at 156. If a case appears to be "solely a swearing contest" between witnesses, the case is likely to turn on credibility determinations and will weigh in favor of appointing counsel. *Parham*, 126 F.3d at 460. At this juncture, it is premature to consider whether the case will turn on credibility determinations, since discovery is still ongoing and is currently scheduled to conclude on April 29, 2022. *See* Dkt. No. 46. Further, as to the fifth factor, there is no indication that expert testimony will be required at trial. Accordingly, the third, fourth, and fifth *Tabron* factors appear to weigh against Plaintiff.

Turning to the sixth factor, Plaintiff was granted the ability to proceed *in forma pauperis*, and there is nothing to indicate that Plaintiff's financial situation has changed. Dkt. No. 5. Moreover, Plaintiff asserts he is indigent and was incarcerated for over five years, which supports

a finding that Plaintiff appears unable to retain his own counsel. *See* Dkt. No. 32 at p. 3.  While the final factor may weigh in Plaintiff's favor, this factor alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002) (denying application for *pro bono* counsel where indigency was the "only one of the six factors . . . weigh[ing] in favor of the appointment of counsel").

The Court recognizes that issues may arise throughout the course of this litigation which may raise a further question as to Plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this **30th day of March, 2022,**

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [Dkt. No. 32] is **DENIED WITHOUT PREJUDICE**.

　s/ James B. Clark, III　　　
**JAMES B. CLARK, III**
**United States Magistrate Judge**

6