**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(973) 776-7700

| | |
|---|---|
| CHAMBERS OF<br>**JAMES B. CLARK, III**<br>UNITED STATES MAGISTRATE JUDGE | U.S. COURTHOUSE<br>50 WALNUT ST. ROOM 2060<br>NEWARK, NJ 07102 |

March 29, 2023

**LETTER ORDER**

Re:   **Davis v. Burke et al.**
      **Civil Action No. 19-10620 (JMV)**

Dear Mr. Davis and Counsel:

Presently pending before the Court is *pro se* Plaintiff's motion for default judgment against Defendants Christopher Shaughnessy and Ivelisse Rodriguez (the "New York Defendants") [Dkt. No. 67]. For the reasons set forth below, Plaintiff's motion for default judgment [Dkt. No. 67] is **DENIED without prejudice**.

By way of brief background, on April 22, 2019, Plaintiff filed a complaint [Dkt. No. 1], and on May 20, 2019, Plaintiff filed an application to proceed *in forma pauperis*. [Dkt. No. 3]. On September 17, 2019, the Court granted Plaintiff's application to proceed *in forma pauperis* and dismissed Plaintiff's complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice to the refiling of an amended complaint that cured the deficiencies set forth in the Court's Opinion and Order. [Dkt. No. 5]. On November 25, 2019, Plaintiff filed an amended complaint [Dkt. No. 9]. On January 30, 2020, the Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and again found it largely deficient and granted Plaintiff thirty days to cure the deficiencies set forth in the Opinion and Order. [Dkt. No. 10]. Plaintiff then filed the Third Amended Complaint on March 12, 2020 [Dkt. No. 12], and on March 16, 2020, summonses were issued for all defendants. [Dkt. No. 13].

On October 16, 2020, the Union County defendants answered the complaint [Dkt. No. 17], and on January 14, 2021, the Court entered a Pretrial Scheduling Order in this matter. [Dkt. No. 21]. On August 31, 2021, Plaintiff filed a motion for *pro bono* counsel. [Dkt. No. 32]. In response, on September 20, 2021, the Union County defendants filed a cross-motion to dismiss. [Dkt. No. 35]. In an Opinion and Order dated March 7, 2022, the Honorable John Michael Vazquez, U.S.D.J., denied the Union County defendants' motion to dismiss. [Dkt. 49]. Judge Vazquez noted in the Opinion and Order that "[b]ecause Plaintiff is proceeding *in forma pauperis* and was only permitted to move forward with his claims against Defendant Burke, the Court is still required to screen the [Third Amended Complaint] as to the eight other Defendants." [*Id.* at 4]. Judge Vazquez held that the claims against all eight Defendants could proceed and ordered summonses to be issued for Defendants Christopher Shaughnessy and Ivelisse Rodriquez, i.e., the New York Defendants. [*Id.* at 13].

The summonses appear to have been executed and the New York Defendants were served on June 7, 2022, with their answers due on June 28, 2022. [Dkt. No. 57]. As the New York Defendants had not answered or otherwise responded to the Third Amended Complaint within the time set forth to do so, Plaintiff filed a motion for default judgment on August 8, 2022 [Dkt. No. 59], which the Court denied without prejudice in a Letter Order issued on October 25, 2022 [Dkt. No. 62] for Plaintiff's failure to first have default entered against the New York Defendants as required by Rule 55(a).

On December 16, 2022, Plaintiff requested the entry of default as to the New York Defendants [Dkt. No. 64] which the Clerk granted on December 19, 2022. On February 22, 2023, Plaintiff filed the instant Motion for Default Judgment [Dkt. No. 67]. Plaintiff's notice of motion states he is seeking "default judgment against defendant for failure to comply with order for production of

2

documents." Dkt. No. 67. The Notice of Motion further states: "Plaintiff moves the Court that judgment be render in the [favor] of Plaintiff and against Defendant by default, as provided for by [FRCP] 37, for failure of [Defendant] to comply with the order of this Court entered on 6/10/2022 requiring Defendant to produce certain enumerated books and writings for inspection by Plaintiff." *Id.*

Plaintiff's motion for default judgment cannot be granted because Plaintiff seeks relief under the wrong Federal Rule of Civil Procedure, citing to Rule 37, which governs discovery, when motions for default judgment are governed by Rule 55. Rule 55, states, in relevant part:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
>> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>>
>> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>>
>>> (A) conduct an accounting;
>>>
>>> (B) determine the amount of damages;
>>>
>>> (C) establish the truth of any allegation by evidence; or

3

(D) investigate any other matter.

Rather than seek default judgment for the New York Defendants' failure to appear as Fed. R. Civ. P. 55 mandates, Plaintiff cites to Rule 37 and argues that default judgment should be granted due to the failure of the New York Defendants "to produce certain enumerated books and writings," prematurely referencing discovery which the New York Defendants could not produce without first appearing in this case. Accordingly, Plaintiff's motion for default judgment [Dkt. No. 67] is **DENIED without prejudice**.

    **IT IS SO ORDERED.**

                                            s/ James B. Clark, III
                                            **JAMES B. CLARK, III**
                                            **United States Magistrate Judge**