NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ABDUL DAVIS,

*Plaintiff*,

v.

DENNIS BURKE, et al.,

*Defendants*.

Civil Action No. 19-10620

**ORDER**

**John Michael Vazquez, U.S.D.J.**

**THIS MATTER** comes before the Court by way of Plaintiff's unopposed motion for default judgment as to Defendants Christopher Shaugnessy and Ivelisse Rodriguez (the "Defaulting Defendants"), pursuant to Federal Rule of Civil Procedure 55(b), D.E. 72; and it

**APPEARING** that Rule 55(b) authorizes a court to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. Fed. R. Civ. P. 55(b). However, "[t]he entry of default judgment is not a matter of right, but rather a matter of discretion." *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015); and it further

**APPEARING** that before entering default judgment pursuant to Rule 55(b), the court must ensure (1) it has subject matter jurisdiction over the matter and personal jurisdiction over the parties, (2) the parties have properly been served, (3) the complaint sufficiently pleads a cause of action, and (4) the plaintiff has proven damages. *Days Inn Worldwide, Inc. v. Tulsipooja Hosp., LLC*, No. 15-5576, 2016 WL 2605989, at *2 (D.N.J. May 6, 2016). The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). The Court must also consider (1)

whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default if default is denied, and (3) the culpability of the party subject to default. *Allaham*, 635 F. App'x at 36; and it further

**APPEARING** that "[w]here the motion for default judgment is made as to only one defendant in a multi-defendant case, 'the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants.'" *Alpine Fresh, Inc. v. Jala Trucking Corp.*, 181 F. Supp. 3d 250, 258 (D.N.J. 2016) (quoting *Animal Sci. Prods., Inc. v. China Nat'l Metals & Mins. Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008)); *see also* 10A Charles A. Wright et al, Fed. Prac. & Proc. § 2690 (3d ed. 2015) (when several defendants have closely related defenses, "entry of judgment also should await an adjudication of the liability of nondefaulting defendants"). This is because courts do not want to "create the risk of potentially inconsistent judgments." *Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057, 2016 WL 54676, at *3 (D.N.J. Jan. 5, 2016) (denying motion for default judgment where allegations against defaulting and nondefaulting defendants were identical); *see also Colony Nat'l Ins. Co. v. Control Bldg. Serv. Inc.*, No. 14-cv-5651, 2015 WL 7296034, at *1 (D.N.J. Nov. 18, 2015) (explaining that courts interpret the Federal Rules of Civil Procedure to "forbid[] the entry of a final judgment against one defendant while others continue to contest liability in the district court . . . in situations where the liability of one defendant necessarily depends upon the liability of the others." (quoting *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 (2d. Cir. 1976))); and it further

**APPEARING** that Plaintiff asserts claims against multiple law enforcement officer Defendants. Plaintiff alleges that each Defendant violated his constitutional rights when executing

an arrest warrant and conducting a search at Plaintiff's residence, *see generally* TAC ¶¶ 13-19; and it further

**APPEARING** that Plaintiff only requests default judgment as to the Defaulting Defendants. D.E. 72. While it appears that both have both defaulted, *see* Aff. ¶¶ 2-5, D.E. 72-1, other Defendants are actively litigating this case. In fact, this Court recently terminated multiple Defendants' (the "Moving Defendants") motion for summary judgment that addressed whether the Moving Defendants' conduct was constitutional and if any immunity or abstention doctrines apply in this matter. D.E. 65. This Court ordered the Moving Defendants to file a new motion for summary judgment and statement of undisputed material facts. The Court further ordered that any renewed motion must provide appropriate analysis for each of the Moving Defendants' arguments, D.E. 73; and it further

**APPEARING** that the Defaulting Defendants were involved in the same allegedly unconstitutional conduct as the Moving Defendants. The arguments raised in the Moving Defendants' terminated and likely renewed motion for summary judgment are directly relevant to the Defaulting Defendants. Entering a default judgment at this time, therefore, would not be prudent due to the risk of potentially inconsistent judgments; and it further

**APPEARING** that Plaintiff should wait and re-file his motion for default judgment after this matter is resolved on the merits;

Therefore, for the foregoing reasons and for good cause shown

**IT IS** on this 6th day of June, 2023, hereby

**ORDERED** that Plaintiff's motion for default judgment as to Defendants Shaughnessy and Rodriguez (D.E. 72) is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk's Office is directed to mail a copy of this Order to Plaintiff.

John Michael Vazquez, U.S.D.J.